UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ORLANDO CORDERO | : | DOCKET NO. 2:05-cv-1894<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| J. P. YOUNG, ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Orlando Cordero, pursuant to 28 U.S.C. § 2241. By this petition, the petitioner challenges a decision of the United States Parole Commission (USPC) to revoke his parole. He claims that the USPC violated his due process rights by failing to hold his revocation hearing in a timely manner and that he was prejudiced by the delay. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

**FACTS**

Petitioner was convicted of Conspiracy to Possess Cocaine with Intent to Distribute in the United States District Court for the Southern District of Florida, and on June 15, 1984, petitioner was sentenced to 15 years imprisonment for this offense. *See* Government Exhibit A. On July 13, 1992, petitioner was paroled from that sentence, with a full term release date of December 13, 1998. *See* Government Exhibit B. Because of an outstanding immigration detainer, petitioner was paroled to the custody of the INS, and on July 27, 1992 he was deported to Columbia. *See* Government Exhibits C & D.

Following his deportation, petitioner traveled to Canada in 1995. While residing in Canada,

petitioner became engaged in criminal behavior that involved the transportation of drugs from Canada to the United States. *See* Government Exhibit M. He was extradited to the United States for criminal prosecution, and on August 10, 1998 petitioner pled guilty in the United States District Court for the Southern District of New York to violating 21 U.S.C. § 846. *See* Government Exhibits M & E. For this offense, he was sentenced to ten (10) years imprisonment. *See* Government Exhibit E. The United States Parole Commission (USPC) was advised of petitioner's new conviction by a letter dated October 5, 1998. *See* Government Exhibit D.

On October 15, 1998, the USPC issued a parole violator warrant and directed the Bureau of Prisons (BOP) to place the warrant as a detainer on petitioner. *See* Government Exhibit F-2. On November 2, 1998, the BOP notified the USPC that its detainer had been filed against the petitioner and that petitioner's tentative release date was October 7, 2006. *See* Government Exhibit G. This notice was received by the USPC on November 9, 1998. *Id.*

Pursuant to former 18 U.S.C. § 4214(b)(1)[1], the USPC conducted an "on the record" dispositional review of petitioner's case and concluded that the detainer should stand. *See* Government Exhibits H, J-1, J-2. Prior to this review, the USPC sent notice to the petitioner of the pending review and provided him with the opportunity to make a statement regarding the disposition of the detainer. *See* Government Exhibit H. However, petitioner did not complete the documents sent to him by the

---

[1]Former 18 U.S.C. § 4214(b)(1) provided as follows:
> Conviction for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section. In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to 4213 may be placed against him as a detainer. Such a detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission. of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.

USPC. *See* Government Exhibit I.. Petitioner was notified of the decision of the USPC to allow the detainer to stand by a Notice of Action dated November 9, 1999. *See* Government Exhibit J-1.

On February 15, 2005, the parole violator warrant was executed. *See* Government Exhibit K. By letter dated February 28, 2005, the USPC notified petitioner that a parole revocation hearing had been ordered for the purpose of determining whether petitioner had violated the conditions of his parole and whether his release should be revoked. *See* Government Exhibit L. The revocation hearing was held on April 6, 2005. Following the hearing, the hearing examiner recommended that petitioner's parole be revoked, that he not receive credit for the time spent on parole, and that he be continued in custody to a presumptive re-parole date of May 30, 2010, after which petitioner will be turned over to immigration officials. *See* Government Exhibit M. The USPC agreed with the recommendation and advised petitioner of the decision by a Notice of Action dated April 21, 2005. *See* Government Exhibit N.

Petitioner appealed the decision of the USPC to the National Appeals Board on May 17, 2005. *See* Government Exhibit O. The National Appeals Board affirmed the decision of the USPC on August 29, 2005. *See* Government Exhibit P.

Petitioner filed this petition on October 13, 2005, challenging the decision of the USPC to revoke his parole. Specifically, he claims that his revocation hearing was not conducted in a timely manner and that he was prejudiced by the delay because his sentence was increased.

## LAW AND ANALYSIS

A parole violator warrant must be issued prior to the expiration of the maximum term of petitioner's original sentence in order to be timely. 28 CFR §2.44(c). The issuance of the warrant tolls the running of a criminal sentence and maintains the jurisdiction of the USPC to retake the parolee either before or after the normal expiration date of his sentence. *Morrison v. Johnson,* 106 F.3d 127,

3

129 (5th Cir. 1997), quoting 28 CFR §2.44; 18 U.S.C. § 4210; 28 CFR §2.44(d); *Anderson v. U.S.*, 898 F.2d 751, 752 (9th Cir. 1990); *Cook v. U.S. Attorney General*, 488 F.2d 667 (5th Cir. 1974); *Cronn v. Burkhart*, 830 F.Supp. 946 (N.D. Tex. 1993). In this case, the parole violator warrant was issued on October 15, 1998, prior to the December 13, 1998 full-term expiration date for petitioner's original sentence. *See* Government Exhibits A & B. Accordingly, the parole violator warrant was issued in a timely manner.

Although the parole violator warrant must be issued during the maximum term of the criminal sentence, it need not be executed during that time period. *Moody v. Daggett,* 97 S.Ct. 274 (1976); *Morrison,* 106 F.3d at 129; *Cook v. U.S. Attorney General*, 488 F.2d 667 (5th Cir. 1974); *Saulsbury v. United States*, 591 F.2d 1028, 1033 (5th Cir. 1979). The USPC has the discretion to determine when a parole violator warrant should be executed. *Smith v. United States,* 577 F.2d 1025, 1026 (5th Cir. 1978); *Cook v. U.S. Attorney General*, 488 F.2d 667 (5th Cir. 1974); *Cooks,* 447 F.2d at 65. Prior to the execution of a parole violator warrant, a federal parolee who commits crimes while on parole and is sentenced to a term of imprisonment on those subsequent crimes is not entitled to an immediate parole revocation hearing. *Saulsbury,* 591 F.2d at 1033, citing *Moody, supra.* Once the USPC executes a warrant, the parolee is entitled to a revocation hearing within 90 days. *See* 18 U.S.C. § 4214(c).

In this case, petitioner's parole violator warrant was executed on February 15, 2005, and a revocation hearing was held on April 6, 2005. Accordingly, the court finds that petitioner's revocation hearing was conducted in a timely manner.

Notwithstanding the timeliness of petitioner's revocation hearing, the court will now consider the petitioner's claim that he was prejudiced by the more than 6 year delay between the issuance of the parole violator warrant on October 15, 1998 and its execution on February 15, 2005.

The Fifth Circuit has recognized that the delay in executing a parole violator warrant may affect

4

the due process rights of a parolee "if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence." *United States v. Tippen,* 39 F.3d 88, 90 (5th Cir. 1994); *United States v. Fisher,* 895 F.2d 208, 211 (5th Cir. 1990); *United States v. Williams,* 558 F.2d 224, 226-28 (5th Cir. 1997).

Petitioner does not allege that the delayed execution of the parole violator warrant undermined his ability to contest the violation or to offer mitigating evidence. His argument is that had the parole violator warrant been executed on an earlier date, he could have served his parole violator term concurrently with his 1998 federal sentence. However, the decision regarding whether a sentence imposed for a crime committed while on parole will be served consecutively or concurrently with the parole violator term is within the exclusive jurisdiction of the USPC. The Fifth Circuit has observed that in exercising this discretion, the USPC "has adopted, and the Supreme Court has approved of, a policy favoring the consecutive service of sentences, and the delayed execution of parole violator warrants until the prison term for the second crime has expired." *Tijerina v. Thornburgh*, 884 F.2d 861, 864 (5th Cir. 1989), citing *Moody*, 97 S.Ct. at 277; 28 CFR § 2.47(e)(2). Therefore, the Parole Commission's decision to delay the execution of petitioner's parole violator warrant until the completion of the 1998 sentence was within its statutory authority and in keeping with the policy favoring consecutive sentences. *Id.*

Furthermore the decision of the USPC to continue the petitioner in custody until a presumptive re-parole date of May 30, 2010, after the service of 168 days did not increase petitioner's original sentence or exceed petitioner's parole violator term.[2] Petitioner's parole violator term is set to expire on July 17, 2011. *See* Government Exhibits B & M. The presumptive re-parole date fixed by the USPC

---

[2]A parole violator term represents the unexpired term of the original sentence; it is not a new sentence. *Wilson v. Sullivan,* 765 F.Supp. 37, 38 (D.Conn. 1991); *D'Amato v. United States Parole Commission,* 837 F.2d 72, 78 (2nd Cir. 1988).

5

of May 30, 2010 is within the petitioner's parole violator term.[3]

For these reasons,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of May, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The determination that petitioner should be continued in custody for 168 months prior to re-parole is completely distinct from the determination regarding the length of petitioner's parole violator term. The re-parole date is determined by the re-parole guidelines set forth in 28 CFR §§2.20, 2.21. Under these guidelines, petitioner has been given credit for all time spent in custody on the violation behavior since May 30, 1996. *See* 28 CFR §2.21(c); Government Exhibit M, p.2. Thus, the 168 months to be spent in custody prior to re-parole includes the 106 months that petitioner spent in custody related to the 1998 criminal conviction and a portion of petitioner's parole violator term.